**AMERICAN SAMOA GOVERNMENT, Plaintiff-Appellee,**

v.

**ATUALEVAO MEREDITH, TOAONO KELEMETE,
and JOHN DOES 1-10, Defendants-Appellants.**

High Court of American Samoa
Appellate Division

AP No. 08-95
LT No. 19-94

April 14, 1997

Before GOODWIN[*], Acting Associate Justice, WALLACE[**], Acting Associate Justice, WARD[***], Acting Associate Justice, AFUOLA, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Appellant, Albert Mailo and Toleafoa Solomona R.
Toailoa, pro hac vice
For Appellee, Malaetasi M. Togafau, Attorney General, and
Henry W. Kappel, Office of Attorney General.

---

[*] Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals, for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[***] Honorable John L. Ward, II, Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

GOODWIN, Acting Associate Justice.

Atualevao Meredith appeals for himself and other defendants a summary judgment entered in favor of American Samoa Government (ASG) confirming the fee simple title to ASG in land described as Plot B on the Revised Tafuna Airport Boundary Survey. We affirm the judgment.

The land involved in this case was condemned for airport purposes in LT 15-1959. The condemnation was satisfied in 1960 by the payment of $18,857.61 to the Matai of the Lemeanai Family, who received the payment "under protest." The protest was apparently based upon the belief that the land was worth more than the compensation awarded by the judgment. The protest was not pursued in court for another twenty-five years. In 1985, Defendant Meredith attempted to assert rights in the subject land, and in LT 12-85 the condemnation was upheld and judgment was entered against Meredith and in favor of ASG. *See Meredith v. American Samoa Gov't*, 2 A.S.R.2d 66 (Land & Titles Div. 1985), *aff'd*, AP 23-85 (1986).

The case at bar was submitted to the Trial Division, which entered summary judgment, holding that the fee simple title in the government had been determined in 1960 after the 1957 condemnation was upheld on appeal. Title in ASG was conclusively reconfirmed in the 1985 case. That judgment became final, and is *res judicata*.

The doctrine of *res judicata* precludes relitigation of the legal and factual issues that were settled between the same parties in the prior litigation, and also precludes relitigation of issues that could have been raised but may not have been raised in the prior litigation. *See Estate of Sotoa v. Te'o*, 8 A.S.R.2d 165 (App. Div. 1988); *Aoelua v. Tagoa'i*, 10 A.S.R.2d 20 (Land & Titles Div. 1989); *Taulaga M. v. Patea S.*, 4 A.S.R.2d 186 (Land & Titles Div. 1987). Accordingly, all disputes and claims by these defendants against the ASG title in the subject land are barred.

Because we hold that *res judicata* bars this action, we need not reach equitable claims or statute of frauds questions involving the validity of oral statements that may have been made by government officials at earlier dates during discussions about the rights to the subject land. Nor do we reach the claim that the government forfeited its title by failing to build upon or otherwise use the taking for airport purposes. The trial court made a finding, in the judgment which became final in 1985, to the effect that the government leased the subject land to the Federal Aviation Authority for airport purposes during any periods in which the land might have reverted for want of use to the original owners under

A.S.C.A. § 37.2001(b). Finally, we hold that the Trial Division did not abuse its discretion in denying Meredith's Rule 60(b) motion.

All claims by the defendants adverse to the ASG title to the land are precluded and the judgment is AFFIRMED.